EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165450

**SHIELDS PETITTI, PLC**
**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail: mjp@shieldspetitti.com**
**E-Mail: pcp@shieldspetitti.com**

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| STEPHEN BARTON, | No.    CV2022-004560 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CITY OF MESA; MARY CAMELI, in her individual and official capacities; JOHN DOE CAMELI; CHRISOPHER J. BRADY, in his individual and official capacities; and JANE DOE BRADY, | |
| Defendants. | |

Plaintiff Stephen Barton ("Plaintiff") for his cause of action against Defendants alleges:

### GENERAL ALLEGATIONS
### (Parties and Jurisdiction)

1.     Plaintiff is a resident of Maricopa County, State of Arizona and was a resident of Maricopa County during all relevant times.

2.     Defendant City of Mesa ("Defendant Mesa") is a municipal corporation

1

1249926.1

located in Maricopa County in the State of Arizona. The City of Mesa Fire Department ("Fire Department") is an agency of Defendant Mesa. At all times material herein, Defendant Mesa was a "person" within the meaning of *42 U.S.C. § 1983*.

3.     At all material times herein, Defendant Christopher Brady ("Defendant Brady") served as City Manager for Defendant Mesa. Defendant Brady is sued in both his official and individual capacities and is personally liable for violations of law and relief claimed herein. Defendant Brady is a "person" within the meaning of *42 U.S.C. § 1983*.

4.     Defendant Jane Doe Brady is the wife of Defendant Brady and is sued only on behalf of the marital community. Any action taken by Defendant Brady was done for the benefit of the marital community.

5.     At all material times herein, Defendant Mary Cameli ("Defendant Cameli") served as an agent of Defendant Mesa in the position of Fire Chief. Defendant Cameli is sued in both her official and individual capacities and is personally liable for violations of law and relief claimed herein. Defendant Cameli is a "person" within the meaning of *42 U.S.C. § 1983*.

6.     Defendant John Doe Cameli is the husband of Defendant Cameli and is sued only on behalf of the marital community. Any action taken by Defendant Cameli was done for the benefit of the marital community.

7.     Defendants have committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action rises. Accordingly, jurisdiction and venue are proper in this Court.

1249926.1

**(Assignment of Tier)**

8.      Pursuant to Rule 26.2, *Arizona Rules of Civil Procedure*, this case should be assigned to Tier 2.

**(Nature of Action)**

9.      This is an action brought by Plaintiff to vindicate violations of Arizona's Employment Protection Act, *42 U.S.C. § 1983* and to remedy Defendants' Cameli and Brady's intentional and improper interference with Plaintiff's employment relationship with Defendant Mesa.  Plaintiff's Complaint also includes a Special Action review and request for relief by virtue of *Article VI, Section 18* of the *Arizona Constitution* and *Rule 4, Rules of Procedure for Special Actions.*

**(Jury Demand)**

10.     Pursuant to Rule 38, *Arizona Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11.     Plaintiff was employed by Defendant Mesa's Fire Department for approximately 14 years.  Most recently, he was a Fire Captain.

12.     Plaintiff performed with competence and distinction and to Defendant Mesa's benefit.  He routinely received positive yearly performance evaluations as well as numerous written and verbal commendations.

13.     In the Fall of 2016, Plaintiff dated the niece of Defendant Cameli's administrative assistant.  Defendant Cameli was upset and wanted to discipline Plaintiff for

3

1249926.1

his personal relationship with her assistant's niece. Almost immediately, Plaintiff noted a change in Defendant Cameli's attitude and actions toward him.

14.    On February 20, 2019, Plaintiff and his crew were called to a long-term resident facility. The information they received was a patient may have fallen and had a bump on her head. They also received information that indicated the patient was alert and oriented.

15.    Plaintiff subsequently met with the resident, and individuals at the facility, and spoke with her power of attorney, her son. As a result of Plaintiff's communication with both the resident and her power of attorney, Plaintiff chose to code the call so that there would be no information entered into the Fire Department's medical system, because otherwise he would be acting contrary to both her and her power of attorney's direction. Based on the facts as Plaintiff understood them, he did not believe he could even claim implied patient consent, let alone express consent, to enter her into the Fire Department's system.

16.    Approximately a week later, Plaintiff and his crew, without any notice, were interrogated by Fire Department investigators about their interaction with the resident. At the time and subsequent to the interrogation, Plaintiff expressed his good faith concerns to the Fire Department's investigators, as well as Defendant Cameli, about Defendants' requests. Specifically, he was concerned that what Defendants wanted him to do, i.e., entering the resident into the system as a patient, was contrary not only to the patient and her power of attorney's requests, but violated the patient's legal rights, including her privacy

4

and patient rights.  He also expressed his concerns that any physical contact by him with the patient, which Defendants claimed should have occurred, in these circumstances could be considered an assault.

17.     Almost immediately after Plaintiff raised his good faith concerns, he experienced different and retaliatory treatment in the terms and conditions of his employment by Defendants, including different treatment than other employees relating to investigations, discipline and termination.

18.     For example, Plaintiff was placed on administrative leave in late May 2019 when Defendant Cameli became aware that he had entered into a domestic violence diversion program relating to a situation with his ex-wife and had not reported it to Defendant.  Defendants, however, confirmed that based on its investigation Plaintiff had nothing to report because Defendant Mesa's policy only required that he report a misdemeanor conviction.  Plaintiff had not been convicted of a misdemeanor or any other crime in his entire life.

19.     Once Defendant Cameli verified Plaintiff's statements and confirmed that he had not violated Defendant Mesa's policy, Plaintiff understood he would be taken off of administrative leave and put back to work.

20.     Instead, Defendant Cameli left him on administrative leave and began looking into an incident that had occurred on April 29, 2019 and which she had been aware of for some time.

21.     Defendant Cameli ultimately issued a Notice of Intent to Discipline

5

1249926.1

(Termination) to Plaintiff relating to his conduct during an April 29, 2019 call that unfortunately involved a patient death.

22.     Defendants' decision to terminate Plaintiff was based on inaccurate information and misinformation and was significantly different than their treatment of another firefighter on the same call, as well as their disciplinary decisions in similar circumstances over the last 25 years or more.

23.     Plaintiff exercised his internal administrative rights to a Personnel Appeals Board ("Appeals Board") hearing.  The Appeals Board voted to reinstate Plaintiff and recommended a lesser penalty of demotion.  The Appeals Board decision was only advisory under Defendant Mesa's administrative appeals policy and the final decision was Defendant Brady's.

24.     Defendant Brady refused to follow the Appeals Board's recommendation and upheld the termination, despite the Appeals Board recommendation and numerous procedural and substantive problems with Defendant Mesa's decision and handling of the administrative appeal.   For example, Defendant Mesa refused to timely schedule an administrative appeal hearing.  In a direct conflict of interest, Defendant Mesa also retained an attorney to represent it who had previously been the Appeals Board's counsel. Defendant Mesa also timely failed to provide documents and other evidence to Plaintiff in violation of its Appeals Board rules. Defendant Brady also erroneously claimed that the Appeals Board acted outside its authority recommending lesser discipline (i.e., demotion). Defendant Brady's decision was final, and Plaintiff had no further appeal.

1249926.1

25.   In discharging Plaintiff, Defendants willfully, knowingly and intentionally discriminated against him because of his good faith concerns that Defendants were violating State and Federal law and his opposition to the same.   Defendants' stated reasons for its actions were false and pretextual.

26.   Plaintiff is damaged by the wrongful acts of Defendants and its agents herein alleged, which damage includes, without limitation, the following:

    a.   Lost salary and employment benefits due Plaintiff at the time of his discharge and since his discharge until he should obtain employment at a similar rate of compensation;

    b.   Injury to Plaintiff's long-term employment, reputation and income potential flowing from the wrongful conduct by Defendants; and

    c.   Injury from humiliation, trauma, extreme stress and physical and mental pain and anguish.

27.   The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

28.   All allegations of this Complaint are incorporated into each claim for relief.

**FIRST CLAIM FOR RELIEF**
**(Statutory Wrongful Discharge in Violation of Public Policy)**

29.   Plaintiff was wrongfully discharged in violation of the public policy of the State of Arizona.

30.   Plaintiff raised several good faith concerns about the Defendants' actions,

1249926.1

including violating State Law relating to patient rights and privacy and that Defendants' conduct violated or would violate the State Constitution, statutes or regulations. Plaintiff also refused to commit acts or omissions that violate the State Constitution, statutes and regulations.

31.    The conduct outlined above by Defendants and its employees violates Arizona law, including, but not limited to, *Arizona Constitution Article 2, § 8; A.R.S. §§ 13-1203; 36-3204; 36-3205;* and *A.A.C. § R9-10-1008.*

32.    Defendants' willful and wanton misconduct is so great that it justifies an award of punitive damages.

33.    Plaintiff is damaged by Defendants' willful violations of public policy as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of *42 U.S.C. § 1983*)**

34.    The actions described above deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution, including, but not limited to, depriving Plaintiff of his free speech and association rights.

35.    Plaintiff's actions related to matters of public interest and concern.

36.    Plaintiff's intimate association with Defendant Cameli's Assistant's niece was highly personal and subject to Constitutional protection.

37.    In doing the acts alleged above, Defendants acted under the color of State law, i.e., the unlawful acts were done while Defendants were purporting or pretending to act in

1249926.1

the performance of official duties and constitutes an abuse or misuse of power or authority or alternatively were acting under the color of authority of their office and beyond the scope of their duties but with knowledge and consent.  Defendants' actions were unprivileged and not subject to any immunity.

38.    Defendants knew or should have known that the above alleged conduct violated Plaintiff's clearly established constitutional, civil and statutory rights.

39.    Defendants individually, separately and/or jointly are fully liable to Plaintiff based on their authority and actual decisions and omissions.  In addition, such unlawful actions, decisions and omissions were based on the policy making and final decision-making authority of the Defendants, and were based on the policy, custom and practice of Defendants.

40.    The grounds and reasons offered by Defendants for Plaintiff's discharge were false and pretextual.

41.    Plaintiff is damaged by Defendants' actions as hereinabove alleged or as proven at trial.

### THIRD CLAIM FOR RELIEF
**(Intentional Interference with Employment Relationship Against Defendants Cameli and Brady)**

42.    Defendants Cameli and Brady knew that Plaintiff was employed by Defendant Mesa and that he had an employment relationship with it.  Defendants Cameli and Brady intentionally and improperly interfered, by unlawful and improper means and methods, with the employment relationship between Plaintiff and Defendant Mesa and caused Plaintiff to

9

be terminated.

43.     The willful and wanton misconduct on the part of Defendants Cameli and Brady demonstrate the callous disregard of Plaintiff's rights.   The willful and wanton misconduct on the part of Defendants Cameli and Brady is such that it justifies an award of damages.

44.     Plaintiff is damaged by the actions of Defendants Cameli and Brady as hereinabove alleged or as proven at trial.

**FOURTH CLAIM FOR RELIEF**
**(Special Action Appeal against Defendants Mesa and Brady)**

45.     Defendants' final decision to terminate Plaintiff was founded on or contained errors of law.   Defendants' decision was also unsupported by sufficient evidence and Defendant Brady's final decision is arbitrary and capricious and an abuse of discretion.

46.     Defendants' decision was also disproportionate to Plaintiff's alleged offense so as to be shocking to one's sense of fairness.

47.     WHEREFORE, Plaintiff requests Judgment in his favor and against Defendants as follows:

A.     For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violates *A.R.S. § 23-1501* and *42 U.S.C. § 1983* and enjoining Defendants from conduct violating Plaintiff's rights;

B.     For an order reversing the decision of Defendants Mesa and Brady and ordering Plaintiff reinstated with full back pay and benefits;

1249926.1

C.   For actual, consequential and incidental damages as alleged herein or as determined at trial;

D.   For punitive damages;

E.   For special damages alleged or as determined at trial;

F.   For his attorneys' fees and costs incurred in this action pursuant to *42 U.S.C. § 1988* and any other applicable statute, rule or regulation;

G.   For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date such damage, cost or attorneys' fees was incurred until paid; and

H.   For such other and further relief as the Court deems just and proper.

DATED this 11th day of April, 2022.

SHIELDS PETITTI, PLC


By /s/ Michael J. Petitti, Jr.
Michael J. Petitti, Jr.
Paige C. Pataky
5090 N. 40th Street, Suite 207
Phoenix, AZ 85018
*Attorneys for Plaintiff*

1249926.1

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165452

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephen Barton
Plaintiff(s),

v.

City of Mesa, et al.
Defendant(s).

Case No.  CV2022-004560

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By:  Michael Petitti /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #6885292

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165456

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephen Barton
Plaintiff(s),
v.
City of Mesa, et al.
Defendant(s).

Case No.  **CV2022-004560**

**SUMMONS**

To: Christopher J. Brady

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165457

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Stephen Barton<br>Plaintiff(s),<br>v.<br>City of Mesa, et al.<br>Defendant(s). | Case No.  **CV2022-004560**<br><br>**SUMMONS** |

To: Jane Doe Brady

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6685292

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165453

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephen Barton
Plaintiff(s),
v.
City of Mesa, et al.
Defendant(s).

Case No. **CV2022-004560**

**SUMMONS**

To: City of Mesa

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6685292

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165454

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephen Barton
Plaintiff(s),
v.
City of Mesa, et al.
Defendant(s).

Case No.  **CV2022-004560**

**SUMMONS**

To: Mary Cameli

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6685292

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
4/11/2022 2:02:54 PM
Filing ID 14165455

Person/Attorney Filing: Michael Petitti
Mailing Address: 5090 N. 40th Street, Suite 207
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)718-3330X5001
E-Mail Address: mjp@shieldspetitti.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011667, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephen Barton
Plaintiff(s),
v.
City of Mesa, et al.
Defendant(s).

Case No. **CV2022-004560**

**SUMMONS**

To: John Doe Cameli

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

EXHIBIT B

Justin S. Pierce (State Bar #022646)
**PIERCE COLEMAN PLLC**
7730 East Greenway Road, Suite 105
Scottsdale, AZ 85260
Tel. (602) 772-5506
Fax (877) 772-1025
Justin@PierceColeman.com
*Attorneys for Defendants*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STEPHEN BARTON,<br><br>                 Plaintiff,<br><br>v.<br><br>CITY OF MESA; MARY CAMELI, in her individual and official capacities; JOHN DOE CAMELI; CHRISTOPHER J. BRADY, in his individual and official capacities; and JANE DOE BRADY,<br><br>                 Defendants. | Case No:  CV2022-004560<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br>**(Before The Honorable Jay Adleman)** |

**To:      Clerk of Court, Superior Court of the State of Arizona,**
**          County of Maricopa:**

          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants serve this Notice that it has filed a Notice of Removal of the above-captioned action from this Court to the United States District Court for the District of Arizona.  A true and correct copy of the Notice of Removal is attached as Exhibit 1 and is incorporated by reference.  As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court shall proceed no further unless and until this case is remanded.

1

RESPECTFULLY SUBMITTED this 10th day of May 2022.

**PIERCE COLEMAN PLLC**

By /s/ Justin S. Pierce
    Justin S. Pierce
    7730 E. Greenway Road, Suite 105
    Scottsdale, Arizona 85260
    *Attorneys for Defendants*

ORIGINAL of the foregoing transmitted
for filing this 10th day of May 2022 with
the Clerk of Maricopa County Court via
AZTurboCourt and a COPY electronically mailed to:

Michael J. Petitti, Jr.
Paige C. Pataky
Shields Petitti, PLC
5090 North 40th Street, Suite 207
Phoenix, Arizona 85018
Attorneys for Plaintiff

By:  /s/ Mary Walker

2